IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AMELIA LOUISE SMITH                                                                      PLAINTIFF

V.                                         NO. 14-5269

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Amelia Louise Smith, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.   Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on September 10, 2012, alleging an inability to work since July 15, 2011,[1] due to mental issues, post traumatic stress disorder (PTSD), Parkinson's and fibromyalgia. (Tr. 194-195, 213, 221). An administrative hearing was held on November 5, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 31-61).

By written decision dated March 13, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe –

---

[1] Plaintiff originally alleged an onset date of January 1, 2011, but amended the onset date at the hearing to July 15, 2011. (Tr. 36).

degenerative disc disease, anxiety-related disorders and an affective disorder. (Tr. 18). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> Perform light work as defined in 20 CFR 404.1567(b) 415.967(b) except the claimant is able to perform simple, routine and repetitive tasks in a setting where interpersonal contact is incidental to the work performed and supervision is simple, direct and concrete.

(Tr. 21). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would not be able to perform her past relevant work, but that there were other jobs Plaintiff would be able to perform, such as fishing float assembler, clerical worker (e.g. warehouse checker) and an inspector and checker (e.g. content inspector). (Tr. 25-26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 1, 2014. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583

(8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe

physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.   Discussion:**

Plaintiff raises the following issues in this matter:  1)  Whether the ALJ erred in discounting the opinion of Jennifer Penne; and 2) Whether the ALJ erred in not considering Plaintiff's hearing loss to be a severe impairment. (Doc. 11).

**A.  Severe Impairment:**

Plaintiff argues that Plaintiff's hearing loss should have been considered a severe impairment by the ALJ.  An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  20 C.F.R. § § 404.1521, 416.921.  The Supreme Court has adopted a "de minimis standard" with regard to the severity standard.  Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989).

In his decision, the ALJ addressed Plaintiff's hearing loss, recognizing that the audiometric evaluation dated January 26, 2012, indicated a left mild to moderate mixed

4

hearing loss and a right severe to profound mixed hearing loss. (Tr. 19). However, the ALJ correctly concluded that Plaintiff provided no evidence that hearing loss had interfered with her ability to work in her past jobs, and that SSA field office personnel noted that Plaintiff had no difficulty hearing on the telephone. (Tr. 19). The ALJ also noted that Dr. Terry Efird, Ph.D., noted no problem with Plaintiff's ability to communicate and interact. (Tr. 19). It is also noteworthy that Plaintiff did not list hearing loss as a disabling condition until completing a Function Report dated February 28, 2013. (Tr. 260). There is no indication that hearing aids were ever prescribed, and no indication that Plaintiff wore hearing aids. In addition, at the hearing before the ALJ, there is no indication that Plaintiff had difficulty hearing the ALJ or her attorney.

Finally, even if Plaintiff's hearing loss was determined to be a severe impairment, two of the jobs mentioned by the VE and ALJ that Plaintiff would be able to perform did not require hearing. DOT 732.687-014 and DOT 222.687-010.

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's severe impairment determination.

**B.  Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies

5

appear in the record as a whole. Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible for reasons explained in the decision. (Tr. 22).  The ALJ addressed the fact that Plaintiff's MRI of her lumbar spine dated November 28, 2011, showed only mild degenerative changes in the right L4-5 level and left and right L5-S1 level, but no other abnormalities. (Tr. 22, 313).

It is also noteworthy that on January 17, 2012, Dr. James K. Fleming, of Vanderbilt University Neurology Clinic, reported that Plaintiff's fine postural tremor in her upper extremities and head "disappeared with distraction." (Tr. 310).  He further noted that the neurological exam revealed no abnormalities except her straight leg raise was positive on the right and she had a slightly depressed affect. (Tr. 310).  On March 27, 2012, Dr. Fleming reported that testing revealed memory difficulty that was likely related to emotional stresses and not representative of organic cognitive disorder, and that Plaintiff felt "remarkably better" and stated that her tremor had all but resolved, and her pain was well controlled on gabapentin. (Tr. 307).  In addition, Plaintiff continued to smoke cigarettes against the advice of physicians, and on August 30, 2013, the record reflects that Plaintiff was not motivated to quit smoking. (Tr. 812).  "Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits." Brown v. Barnhart, 390 F.3d 535, 540-541 (8th Cir. 2004)(citations omitted).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

### C. RFC Determination:

Plaintiff argues that the ALJ erred in discounting the opinion of Jennifer Penne, A.P.N., at Ozark Guidance. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

With respect to weight given to the opinions of treating physicians, "[a] claimant's treating physician's opinion will generally be given controlling weight, but it must be supported by medically acceptable clinical and diagnostic techniques, and must be consistent

7

with other substantial evidence in the record." Andrews v. Colvin, No. 14-3012, 2015 WL 4032122 at *3 (8th Cir. July 2, 2015)(citing Cline v. Colvin, 771 F.3d 1098, 1102 (8th Cir. 2014). "A treating physician's opinion may be discounted or entirely disregarded 'where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" Id. "In either case-whether granting a treating physician's opinion substantial or little weight-the Commissioner or the ALJ must give good reasons for the weight apportioned." Id

Plaintiff argues that the mere fact that Dr.Efird is an acceptable medical source does not mean his opinion automatically outweighs Ms. Penne's opinion. In his decision, the ALJ noted the fact that on October 11, 2013, Jennifer Penne provided a medical source statement, wherein she opined that Plaintiff had debilitating limitations. He stated that he considered her opinion, but gave it little weight, as he believed it was not consistent with the majority of Plaintiff's medical evidence, Ms. Penne had only treated Plaintiff on a few occasions since May 2013, and Ms. Penne is not an appropriate medical source permitted to establish the existence of a medically determinable impairment or give a medical opinion. (Tr. 24). The ALJ further found her opinion was not consistent with those of Dr. Efird or the state agency physicians. (Tr. 24). Therefore, Plaintiff's argument that the ALJ "automatically" gave greater weight to Dr. Efird's opinion because he was an acceptable medical source is not persuasive. The ALJ gave good and sufficient reasons for giving Dr. Efird's opinion more weight and Ms. Penne's opinion little weight.

8

The Court finds the ALJ considered all of the proper factors in determining Plaintiff's RFC, and gave sufficient reason for the weight he gave to the various opinions of the physicians.

### D. Hypothetical Question:

At the hearing, the ALJ posed the following hypothetical question to the VE:

Q: I'd like you to assume a hypothetical person, younger individual, high school education, the past work you just told me about. In the first hypothetical, the person can do light work as defined by the regulation but is further limited to performing simple routine, repetitive tasks in a setting where interpersonal contact is incidental for the work performed, and perform work under supervision that is simple, direct, and concrete. And just looking at this, it would seem to me that that person could not perform any of the past relevant work. Would you agree with that?

A: Yes, Your Honor.

A: And would there be work in the economy that person could do?

A: Yes, Your Honor. There are jobs for that hypothetical.

A: Okay. Three examples.

A: An example would be a fishing float assembler. …Also, Your Honor, there would be a warehouse checker. …Also Your Honor, there would be an inspector checker, in particular a content inspector. …

(Tr. 56-57).

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical questions the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing the jobs of fishing float assembler, warehouse checker, and inspector checker. Pickney v. Chater,

96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV. Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 1st day of December, 2015.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE